UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEMETRI ALEXANDER,<br><br>                      Plaintiff,<br><br>   v.<br><br>GARY DUTTON,<br><br>                      Defendant. | Case No. 3:15-cv-00074-MMD-WGC<br><br>**REPORT & RECOMMENDATION OF U.S. MAGISTRATE JUDGE** |

This Report and Recommendation is made to the Honorable Miranda M. Du, United States District Judge. The action was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and the Local Rules of Practice, LR 1B 1-4. Before the court is Defendant's Motion for Summary Judgment. (Electronic Case Filing (ECF) No.19.) Plaintiff has not filed a response.

After a thorough review, the court recommends that Defendant's motion be granted.

## I. BACKGROUND

Plaintiff is an inmate in the custody of the Nevada Department of Corrections (NDOC), proceeding pro se with this action pursuant to 42 U.S.C. § 1983. (Pl.'s Am. Compl., ECF No. 9.) The events giving rise to this action took place while Plaintiff was housed at Northern Nevada Correctional Center (NNCC). Defendant is Gary Dutton. (*Id*.)

On screening, Plaintiff was permitted to proceed with a single claim under the Fourteenth Amendment's Due Process Clause for the alleged authorized, intentional deprivation of property−Plaintiff's blue jeans that he had worn at High Desert State Prison, and for a time at NNCC, allegedly with no problem. (Screening Order, ECF No. 14.)

Defendant moves for summary judgment on the basis that Plaintiff failed to exhaust his administrative remedies with respect to this claim. (ECF No. 19.)

## II. LEGAL STANDARD

**A. Summary Judgment**

"The purpose of summary judgment is to avoid unnecessary trials when there is no dispute as to the facts before the court." *Northwest Motorcycle Ass'n v. U.S. Dep't of Agric.*, 18 F.3d 1468, 1471 (9th Cir. 1994) (citation omitted). In considering a motion for summary judgment, all reasonable inferences are drawn in favor of the non-moving party. *In re Slatkin*, 525 F.3d 805, 810 (9th Cir. 2008) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986)). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). On the other hand, where reasonable minds could differ on the material facts at issue, summary judgment is not appropriate. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986).

> A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:
> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1)(A), (B).

If a party relies on an affidavit or declaration to support or oppose a motion, it "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

In evaluating whether or not summary judgment is appropriate, three steps are necessary: (1) determining whether a fact is material; (2) determining whether there is a genuine dispute as to a material fact; and (3) considering the evidence in light of the appropriate standard of proof. *See Anderson*, 477 U.S. at 248-250. As to materiality, only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment; factual disputes which are irrelevant or unnecessary will not be considered. *Id.* at 248.

In deciding a motion for summary judgment, the court applies a burden-shifting analysis. "When the party moving for summary judgment would bear the burden of proof at trial, 'it must come forward with evidence which would entitle it to a directed verdict if the evidence went uncontroverted at trial.'...In such a case, the moving party has the initial burden of establishing the absence of a genuine [dispute] of fact on each issue material to its case." *C.A.R. Transp. Brokerage Co. v. Darden Rests., Inc.*, 213 F.3d 474, 480 (9th Cir. 2000) (internal citations omitted). In contrast, when the nonmoving party bears the burden of proving the claim or defense, the moving party can meet its burden in two ways: (1) by presenting evidence to negate an essential element of the nonmoving party's case; or (2) by demonstrating the nonmoving party failed to make a showing sufficient to establish an element essential to that party's case on which that party will bear the burden of proof at trial. *See Celotex Corp. v. Cartrett*, 477 U.S. 317, 323-25 (1986).

If the moving party satisfies its initial burden, the burden shifts to the opposing party to establish that a genuine dispute exists as to a material fact. *See Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). To establish the existence of a genuine dispute of material fact, the opposing party need not establish a genuine dispute of material fact conclusively in its favor. It is sufficient that "the claimed factual dispute be shown to require a jury or judge to resolve the parties' differing versions of the truth at trial." *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (quotation marks and citation omitted). "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Matsushita Elec. Industrial Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (citation omitted). The nonmoving party cannot avoid summary judgment by relying solely on conclusory allegations that are unsupported by factual data. *Id.* Instead, the opposition must go beyond the assertions and allegations of the pleadings and set forth specific facts by producing competent evidence that shows a genuine dispute of material fact for trial. *Celotex*, 477 U.S. at 324.

/ / /

/ / /

> That being said,
> [i]f a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may: (1) give an opportunity to properly support or address the fact; (2) consider the fact undisputed for purposes of the motion; (3) grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it; or (4) issue any other appropriate order.

Fed. R. Civ. P. 56(e).

At summary judgment, the court's function is not to weigh the evidence and determine the truth but to determine whether there is a genuine dispute of material fact for trial. *See Anderson*, 477 U.S. at 249. While the evidence of the nonmovant is "to be believed, and all justifiable inferences are to be drawn in its favor," if the evidence of the nonmoving party is merely colorable or is not significantly probative, summary judgment may be granted. *Id*. at 249-50 (citations omitted).

**B. Exhaustion**

The Prison Litigation Reform Act (PLRA) provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). An inmate must exhaust his administrative remedies irrespective of the forms of relief sought and offered through administrative avenues. *Booth v. Churner*, 532 U.S. 731, 741 (2001).

The failure to exhaust administrative remedies is "'an affirmative defense the defendant must plead and prove.'" *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (quoting *Jones v. Bock*, 549 U.S. 199, 204, 216 (2007)), *cert. denied*, 135 S.Ct. 403 (Oct. 20, 2014). Unless the failure to exhaust is clear from the face of the complaint, the defense must be raised in a motion for summary judgment. *See id*. (*overruling in part Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003) which stated that failure to exhaust should be raised in an "unenumerated Rule 12(b) motion").

"If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56. If material facts are disputed, summary judgment should be denied, and the district judge rather than a jury should

- 4 -

1  determine the facts [in a preliminary proceeding]." *Id.*, 1168, 1170-71 (citations omitted).
2  "Exhaustion should be decided, if feasible, before reaching the merits of a prisoner's claim. If
3  discovery is appropriate, the district court may in its discretion limit discovery to evidence
4  concerning exhaustion, leaving until later—if it becomes necessary—discovery related to the
5  merits of the suit." *Id.* at 1170 (citing *Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008)). If
6  there are disputed factual questions, they "should be decided at the very beginning of the
7  litigation." *Id.* at 1171.

8        Once a defendant shows that the plaintiff did not exhaust available administrative
9  remedies, the burden shifts to the plaintiff "to come forward with evidence showing that there is
10 something in his particular case that made the existing and generally available administrative
11 remedies effectively unavailable to him." *Id.* at 1172 (citing *Hilao v. Estate of Marcos*, 103 F.3d
12 767, 778 n. 5 (9th Cir. 1996)). The ultimate burden of proof, however, remains with the
13 defendant. *Id.*

14       The Supreme Court has clarified that exhaustion cannot be satisfied by filing an untimely
15 or otherwise procedurally infirm grievance, but rather, the PLRA requires "proper exhaustion."
16 *Woodford v. Ngo*, 548 U.S. 81, 89 (2006). "Proper exhaustion" refers to "using all steps the
17 agency holds out, and doing so *properly* (so that the agency addresses the issues on the merits)."
18 *Id.* (quoting *Pozo v. McCaughtry*, 286 F.3d 1022, 1024 (7th Cir. 2002)) (emphasis in original).
19 Thus, "[s]ection 1997e(a) requires an inmate not only to pursue every available step of the prison
20 grievance process but also to adhere to the 'critical procedural rules' of that process." *Reyes v.
21 Smith*, 810 F.3d 654, 657 (9th Cir. 2016) (quoting *Woodford v. Ngo*, 548 U.S. 81, 90 (2006)).
22 "[I]t is the prison's requirements, and not the PLRA, that define the boundaries of proper
23 exhaustion." *Jones v. Bock*, 549 U.S. 199, 218 (2007). That being said, an inmate exhausts
24 available administrative remedies "under the PLRA despite failing to comply with a procedural
25 rule if prison officials ignore the procedural problem and render a decision on the merits of the
26 grievance at each available step of the administrative process." *Reyes*, 810 F.3d at 658.

27       To reiterate, an inmate need only exhaust "available" administrative remedies, which
28 serves as a "built-in exception to the exhaustion requirement." *See Ross v. Blake*, 136 S.Ct. 1850,

1854-55 (2016) (citing 42 U.S.C. § 1997e(a)). "Accordingly, an inmate is required to exhaust those, but only those, grievance procedures that are 'capable of use' to obtain 'some relief for the action complained of.'" *Id*. (quoting *Booth*, 532 U.S. at 738).

If the court concludes that administrative remedies have not been properly exhausted, the unexhausted claim(s) should be dismissed without prejudice. *Wyatt*, 315 F.3d at 1120.

"If the district judge holds that the prisoner has exhausted available administrative remedies, that administrative remedies are not available, or that a prisoner's failure to exhaust available remedies should be excused, the case may proceed to the merits." *Albino*, 747 F.3d at 1171.

### III. DISCUSSION

NDOC's Administrative Regulation (AR) 740 sets forth the grievance procedures to be utilized by NDOC inmates for purposes of exhausting their administrative remedies. (*See* ECF Nos. 19-2, 19-3, 19-4.) AR 740 requires an inmate to try to resolve the issue informally with their caseworker prior to initiating the grievance process, and then must go file grievances at the informal, first and second levels. (*Id*.)

According to NDOC records, Plaintiff did not file any grievance related to his claim of deprivation of his jeans. (ECF No. 19-1 at 2-3 ¶ 4.)

Defendants have come forward with evidence that Plaintiff did not exhaust his administrative remedies relative to this claim before filing this action; and Plaintiff has not set forth evidence demonstrating that he did exhaust or that administrative remedies were unavailable to him. Therefore, Defendants' motion should be granted.

"If undisputed evidence viewed in the light most favorable to the prisoner shows a failure to exhaust, a defendant is entitled to summary judgment under Rule 56." *Albino*, 747 F.3d at 1166. The Supreme Court has held that an inmate must use all steps an agency holds out to him in order to properly exhaust. *Woodford*, 548 U.S. at 89. Thus, an inmate must "adhere to the 'critical procedural rules' of [the exhaustion] process." *Reyes*, 810 F.3d at 657. As Defendant points out, AR 740 requires an inmate to submit a grievance relative to a personal property damage or loss claim within six months. (*See* ECF No. 19-2 at 6, AR 740.05.4.A.) Plaintiff

alleges that his jeans were confiscated in March of 2014. (ECF No. 9 at 3.) His time to file a grievance on this issue ran in September of 2014. Since he has not filed a grievance as of March 2016, when Defendant filed his motion for summary judgment, a dismissal without prejudice would be futile as Plaintiff could not re-initiate the exhaustion process at this point. Therefore, the court agrees with Defendant that summary judgment should be entered in his favor, instead of dismissing the action without prejudice so that Plaintiff may attempt to exhaust prior to initiating his suit.

## IV. RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Defendant's Motion for Summary Judgment (ECF No. 19) be **GRANTED**, and that summary judgment be entered in Defendant's favor.

The parties should be aware of the following:

1. That they may file, pursuant to 28 U.S.C. § 636(b)(1)(C), specific written objections to this Report and Recommendation within fourteen days of receipt. These objections should be titled "Objections to Magistrate Judge's Report and Recommendation" and should be accompanied by points and authorities for consideration by the district judge.

2. That this Report and Recommendation is not an appealable order and that any notice of appeal pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure should not be filed until entry of judgment by the district court.

DATED: August 31, 2016.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE