UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| DEMETRI ALEXANDER,<br><br>　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>GARY DUTTON,<br><br>　　　　　　　　　Defendant. | Case No. 3:15-cv-00074-MMD-WGC<br><br>**ORDER** |

　　　　The court screened Plaintiff's original complaint and dismissed it with leave to amend on May 27, 2015. (Electronic Case Filing (ECF) Nos. 7, 8.) Plaintiff filed his amended complaint on June 1, 2015. (ECF No. 9.) Plaintiff filed a notice of change of address noting his move from Northern Nevada Correctional Center (NNCC) to High Desert State Prison (HDSP) on September 14, 2015. (ECF No. 12.) On December 10, 2015, the court issued a screening order that allowed Plaintiff to proceed with a single claim against Gary Dutton under the Fourteenth Amendment's Due Process Clause related to the alleged authorized, intentional deprivation of his blue jeans. (ECF No. 14.)

　　　　On February 2, 2016, the court issued an order scheduling an inmate early mediation conference. (ECF No. 16.) The conference was held on March 1, 2016, and Plaintiff appeared, pro se. (*See* Minutes at ECF No. 17.) A settlement was not reached.

　　　　Defendant filed his motion for summary judgment on March 10, 2016. (ECF No. 19.) It was served on Plaintiff at HDSP, in accordance with his last change of address. (ECF No. 19 at 9.)

/ / /

/ / /

On March 11, 2016, the court issued a *Klingele*[1] order advising Plaintiff his response was due within twenty-one days. (ECF No. 20.) Plaintiff's in forma pauperis application was granted on March 14, 2016. (ECF No. 21.) As with Defendant's Motion for Summary Judgment, the court's *Klingele* order was mailed to Plaintiff at HDSP. (ECF No. 20.)

Plaintiff filed another notice of change of address on March 23, 2016, indicating a move from HDSP to Southern Desert Correctional Center (SDCC). (ECF No. 22.) Plaintiff's notice was dated "3-18-16" but was not filed until March 23, 2016. (*Id.*) The docket reflects that the *Klingele* order was re-mailed to Plaintiff, but was not received by Plaintiff until August 25, 2016, at SDCC in light of the change of address. (*See* ECF No. 20.) On August 31, 2016, the undersigned issued a report and recommendation that Defendant's motion for summary judgment be granted on the basis that Plaintiff failed to exhaust his administrative remedies with respect to his claim. (ECF No. 23.)

Plaintiff filed his objection to the report and recommendation on September 9, 2016. (ECF No. 25.) Plaintiff states that he did not receive the minute order dated March 11, 2016 (the *Klingele* order) and order dated March 14, 2016 (the order granting his in forma pauperis application) until August 30, 2016, advising him that he had twenty-one days to file a response to the motion for summary judgment. (ECF No. 25 at 2.) Before he could respond to the Motion for Summary Judgment, on September 2, 2016, he received the undersigned's report and recommendation that summary judgment be granted. (*Id*.) As a result, he asks that the motion for summary judgment be denied, and that his claim be allowed to proceed.

Defendant filed a response to the objection. (ECF No. 26.) Defendant asserts; (1) Plaintiff does not support his request that the motion for summary judgment be denied because he did not timely receive the referenced orders; (2) he does not argue that he was not served with the motion for summary judgment; (3) he does not address whether he filed a proper grievance so as to exhaust his administrative remedies; and (4) he provides no substantive reasoning for the court to deny the report and recommendation.

---

[1] *Klingele v. Eikenberry*, 849 F.2d 409 (9th Cir. 1988).

It is not clear when or even whether Plaintiff received Defendant's motion for summary judgment. Plaintiff does not specifically state that he was not served with the motion, but the court acknowledges that it was served at HDSP around the time when he moved from HDSP to SDCC. If he did not receive the *Klingele* order which went out one day after the motion for summary judgment was filed, there is a chance he did not receive the motion for summary judgment either.

Under *Klingele*, a pro se litigant must be provided with fair notice of the requirements of the summary judgment rule. If Plaintiff did not receive this notice until shortly before the court issued its report and recommendation, that notice was insufficient.

Therefore, the court hereby **WITHDRAWS** its report and recommendation (ECF No. 23). Plaintiff acknowledges he is now in possession of the *Klingele* order; therefore, Plaintiff has **TWENTY-ONE** days from the date of this Order to file and serve his response to Defendant's motion for summary judgment The Clerk shall **SEND** Plaintiff a copy of Defendant's motion for summary judgment and accompanying exhibits along with a copy of this order. Defendant's shall file their reply brief in accordance with the Local Rules. Once the matter is fully briefed, the court will issue its report and recommendation.

**IT IS SO ORDERED**.

DATED: November 22, 2016.

_____
WILLIAM G. COBB
UNITED STATES MAGISTRATE JUDGE