1

2

3

4

5

6                     UNITED STATES DISTRICT COURT

7                          DISTRICT OF NEVADA

8                                  * * *

9    DEMETRI ALEXANDER,                   Case No. 3:15-cv-00074-MMD-WGC

10                          Plaintiff,       ORDER ACCEPTING AND ADOPTING
                                             REPORT AND RECOMMENDATION OF
11        v.                                       MAGISTRATE JUDGE
     GARY DUTTON,                                  WILLIAM G. COBB
12
                          Defendant.
13

14   **I.      SUMMARY**

15        Before the Court is the Report and Recommendation of United States Magistrate

16   Judge William G. Cobb (ECF No. 31) ("R&R") relating to Defendant's Motion for

17   Summary Judgment ("Motion") (ECF No. 19). The Court has reviewed Plaintiff's

18   objection (ECF No. 32) and Defendant's response (ECF No. 34).[1] For the reasons

19   discussed below, the Court accepts and adopts the R&R in full.

20   **II.     RELEVANT BACKGROUND**

21        Plaintiff, who is proceeding *pro se*, is an inmate in the custody of the Nevada

22   Department of Corrections ("NDOC"). After screening pursuant to under 28 U.S.C. §

23   1915A, the Court permitted Plaintiff to proceed on one claim under the Fourth

24   Amendment for the intentional deprivation of property, namely Plaintiff's blue jeans.

25   (ECF No. 14.) Defendant moves for summary judgment, arguing that Plaintiff failed to

26   exhaust his administrative remedies. (ECF No. 19.) The Magistrate Judge agreed with

27
          [1]Defendant's motion for extension of time to file his response (ECF No. 33) is
28   granted *nunc pro tunc*.

1   Defendant and recommends granting summary judgment. (ECF No. 31.) Plaintiff objects

2   to the Magistrate Judge's recommendation. (ECF No. 32.)

3   **III.    LEGAL STANDARDS**

4           This Court "may accept, reject, or modify, in whole or in part, the findings or

5   recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1). Where a party

6   timely objects to a magistrate judge's report and recommendation, then the court is

7   required to "make a *de novo* determination of those portions of the [report and

8   recommendation] to which objection is made." 28 U.S.C. § 636(b)(1). In light of Plaintiffs'

9   objection, the Court has engaged in a *de novo* review to determine whether to adopt

10  Magistrate Judge Cobb's recommendation.

11          "The purpose of summary judgment is to avoid unnecessary trials when there is

12  no dispute as to the facts before the court." *Nw. Motorcycle Ass'n v. U.S. Dep't of Agric.*,

13  18 F.3d 1468, 1471 (9th Cir. 1994). Summary judgment is appropriate when "the movant

14  shows that there is no genuine dispute as to any material fact and the movant is entitled

15  to a judgment as a matter of law." Fed. R. Civ. P. 56(a); *see Celotex Corp. v. Catrett*,

16  477 U.S. 317, 322 (1986). In evaluating a summary judgment motion, a court views all

17  facts and draws all inferences in the light most favorable to the nonmoving party. *Kaiser*

18  *Cement Corp. v. Fishbach & Moore, Inc.*, 793 F.2d 1100, 1103 (9th Cir. 1986). The

19  moving party bears the burden of showing that there are no genuine issues of material

20  fact. *Zoslaw v. MCA Distrib. Corp.*, 693 F.2d 870, 883 (9th Cir. 1982).

21  **IV.    DISCUSSION**

22          Defendant seeks summary judgment under the Prison Litigation Reform Act

23  ("PLRA"), which provides that "[n]o action shall be brought with respect to prison

24  conditions under section 1983 . . . by a prisoner confined in any jail, prison, or other

25  correctional   facility   until   such   administrative   remedies   as   are   available   are

26  exhausted." 42 U.S.C. § 1997e(a). Defendant argues that NDOC records show Plaintiff

27  did not file any grievance relating to his claimed intentional deprivation of his jeans. (ECF

28  No. 19-1 at 2-3.) Plaintiff responds that he was afraid of reprisal or physical harm if he

1   filed a grievance because of Defendant's open display of racism. (ECF No. 28 at 3.) The

2   Magistrate Judge found that Plaintiff has not shown that his failure to exhaust NDOC's

3   grievance process was excusable under the test that the Ninth Circuit Court of Appeals

4   has adopted in *McBride v. Lopez,* 807 F.3d 982 (9th Cir. 2015). (ECF No. 31 at 7-9.)

5   That test requires the following conditions to be satisfied:

6        In *McBride,* the Ninth Circuit addressed whether a threat of retaliation may be

7   sufficient to render an administrative remedy "effectively unavailable" to excuse a failure

8   to exhaust. *McBride,* 807 F.3d at 986-87. The court adopted the Eleventh Circuit's test,

9   which requires the following conditions be satisfied: "(1) the threat [of retaliation] actually

10  did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the

11  process; and (2) the threat is one that would deter a reasonable inmate of ordinary

12  firmness and fortitude from lodging a grievance or pursuing the part of the grievance

13  process that the inmate failed to exhaust." *Id.* at 987 (quoting *Turner v. Burnside,* 541

14  F.3d 1077, 1085 (11th Cir.2008)).

15       Plaintiff argues that Defendant's use of racial slur — calling Plaintiff the

16  derogatory "N" word — deterred him from pursuing NDOC's grievance process.[2] (ECF

17  No. 32 at 1-5.) There is no question that the racial epithet is extremely offensive,

18  particularly given Plaintiff's race and the historical use of the slur. Even assuming that

19  Defendant's alleged conduct satisfies the first prong of the *McBride* test, use of the racial

20  slur alone, without more, would not deter a reasonable inmate from filing a grievance to

21  satisfy the objective prong of the test. The Court thus agrees with the Magistrate Judge

22  that Plaintiff's failure to exhaust his administrative remedies is not excusable.

23       In his objection, Plaintiff also argues that his failure to exhaust is excusable

24  because NDOC's procedural rules, which appear in Administrative Regulation ("AR")

25

26       [2]In *Ross v. Blake*, the Supreme Court found three kinds of circumstances in which
    an "administrative remedy, although officially on the books, is not capable of use" by an

27  inmate to obtain relief. *Ross*, 136 S.Ct. 1850, 1859-60 (2016). Plaintiff's allegation that
    Defendant used racial slur does not fall within the three kinds of circumstances

28  addressed in *Ross.*

1   740, do not require him to file a grievance on deprivation of his personal property. (ECF

2   No. 32 at 8-10.) As Defendant correctly pointed out, Plaintiff's reading of AR 740.03 is

3   selective. AR 740.03(1) provides that inmates may use the grievance procedure to

4   resolve claims involving "personal property," which is the claim raised in this case.

5        In sum, the Court agrees with the Magistrate Judge that Plaintiff failed to exhaust

6   his administrative remedies and summary judgment is the appropriate remedy.

7   **V.      CONCLUSION**

8        The Court notes that the parties made several arguments and cited to several

9   cases not discussed above. The Court has reviewed these arguments and cases and

10   determines that they do not warrant discussion or reconsideration as they do not affect

11   the outcome of the Motion and Objection.

12        It is therefore ordered, adjudged and decreed that the Report and

13   Recommendation of Magistrate Judge William G. Cobb (ECF No. 31) is accepted and

14   adopted in its entirety. Defendant's Motion for Summary Judgment (ECF No. 19) is

15   granted.

16        It is further ordered that Defendant's motion for extension of time (ECF No. 33) is

17   granted *nunc pro tunc*.

18        It is further ordered that Plaintiff's Motion for Contempt of Court (ECF No. 30) is

19   denied. Plaintiff seeks contempt for Defendant's filing of a response to his objection

20   when the Magistrate Judge had withdrawn the report and recommendation to which

21   Plaintiff objects. However, Defendant's filing, while incorrectly docketed as Defendant's

22   response to Plaintiff's objections, is a reply in support of his motion for summary

23   judgment. (ECF No. 29.)

24        The Clerk is directed to enter judgment in favor of Defendant and close this case.

25        DATED THIS 17th day of March 2017.

26

27                  MIRANDA M. DU
               UNITED STATES DISTRICT JUDGE

28